IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Joel Clay Bracken, ) | |
| ) | Civil Action No. 6:13-1377-TMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | **AND ORDER** |
| vs. ) | |
| ) | |
| Simmons First National Bank, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the court on the defendant's motion to dismiss (doc. 20) and the plaintiff's motion to strike (doc. 29). The plaintiff, who is proceeding *pro se*, filed a complaint against the defendant bank in this court on May 21, 2013. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

      On May 22, 2013, the undersigned issued an order directing the plaintiff to submit a Form USM-285 for service of process on the defendant. The order also granted the plaintiff's motion for leave to proceed *in forma pauperis*. The initial proper form order states: "Plaintiff must provide, and is responsible for, information sufficient to identify Defendant on the Form USM-285. The United States Marshal cannot serve an improperly identified defendant, and an unserved defendant may be dismissed as a party to a case" (doc. 9). The plaintiff provided the Form USM-285 to the Clerk of Court on May 24, 2013 (doc. 12). On May 28, 2013, the undersigned issued another order directing the Clerk of Court to issue the summons and to send it, along with a copy of the complaint and other filed documents, to the United States Marshal for service of process (doc. 15). The order further directed the United States Marshal to serve the summons, complaint and other filed pleadings on the defendant (*id.*).

The United States Marshals Service sent the summons and complaint via certified mail, return receipt requested, to Simmons First National Bank, 520 Main Street, Pine Bluff, AR 71601 (doc. 19). Bill Owen signed for the envelope on June 10, 2013 (*id.*). According to the defendant, on that date, Bill Owen was employed as a mail clerk by the defendant. The envelope was then delivered to Paula Appleget, who was the Research Department Supervisor for the defendant. J. Thomas May, the Chief Executive Officer for the defendant, states in his affidavit that neither Mr. Owen nor Ms. Appleget have ever been an Officer, Director, Managing Agent, or Registered Agent for the defendant, and they have never been authorized to accept service of process on behalf of the defendant (doc. 27-2, May amended aff. ¶¶ 4-7). Mr. May is the defendant's registered agent (doc. 20-3).

On July 1, 2013, the defendant filed the instant motion to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). By order filed that same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response on July 15, 2013 (doc. 25), and the defendant filed a reply on July 25, 2013 (doc. 27). The plaintiff then filed a motion to strike the defendant's reply on July 31, 2013 (doc. 29), and the defendant filed a response in opposition on August 19, 2013 (doc. 30).

Service of process upon a corporate entity is governed by Federal Rule of Civil Procedure 4(h)(1), which allows service to be accomplished, either (1) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (2) by delivering a copy of the summons and of the complaint to an officer, a managing general agent, or any other agent authorized by appointment or law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Fed.R.Civ.P. 4(h)(1)(A), (B). Under Rule 4(e)(1), an individual may be served by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. *Id.* 4(e)(1). Under South Carolina law, service of process on a corporation can be

accomplished through "registered or certified mail, return receipt requested and delivery restricted to the addressee," who must be authorized to sign for the corporation. *See* S.C.R.Civ.P. 4(d)(8). "[I]f the defendant demonstrates to the court that the return receipt was signed by an unauthorized person," default can be set aside. *Id*.

In a case in which the district court permits the plaintiff to file *in forma pauperis*, the district court must direct the United States Marshals Service to effectuate service of process. 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(3); *see Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir.2010) ("*In forma pauperis* plaintiffs must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915."). However, the plaintiff must provide sufficient information to locate the defendant with "reasonable effort." *Richardson v. Johnson*, 598 F.3d 734, 738-40 (11th Cir. 2010).

Dismissal of an action against a defendant under Rule 12(b)(5) for insufficiency of service is within the discretion of the court. *Reinhold v. Tisdale*, C.A. No. 8:06-3311-MBS-BHH, 2007 WL 2156661, at *3 (D.S.C. April 30, 2007) (citing *Dimensional Communications, Inc. v. OZ Optics, Ltd.*, 218 F.Supp.2d 653, 655 (D.N.J.2002)), *adopted by* 2007 WL 2173368 (D.S.C. July 26, 2007). "Ordinarily, dismissal is proper when there is prejudice to the defendant or where proper service is unlikely to be accomplished." *Id*. (citing *Curcuruto v. Cheshire*, 864 F.Supp. 1410, 1411 (S.D. Ga.1994)). Absent prejudice to the defendant and when service can be accomplished, courts generally will quash the insufficient service and allow a plaintiff to perfect service through the Marshal. *Id.* (citations omitted).

The defendant argues that the case should be dismissed because the envelope containing the summons and complaint was not restricted to delivery to Mr. May as required by the above-cited rules. As noted above, the plaintiff has been granted *in forma pauperis* status in this case and thus relies on the United States Marshals Service to effectuate service of process. In the motion to dismiss, the defendant did not show how

it would be prejudiced[1] by quashing the insufficient service or why service should not be perfected now that the registered agent for service has been identified. Therefore, the defendant's motion to dismiss (doc. 20) should be denied. Defense counsel should advise the court in writing within the time period for filing objections to this report as to whether he is authorized to accept service on behalf of this defendant. If defense counsel advises the court that he is not so authorized, then a separate order should be issued directing the United States Marshal to serve the registered agent for the defendant in accordance with the foregoing. Further, the plaintiff's motion to strike the defendant's reply and the affidavits of Mr. May "as inadmissible hearsay and bad faith testimony of material facts with sanctions" (doc. 29) is meritless and is hereby denied.

August 23, 2013                                          s/ Kevin F. McDonald
Greenville, South Carolina                               United States Magistrate Judge

---

[1] The 120-day period for service of process under Rule 4(m) is calculated from the date on which the summons is issued. *Robinson*, 602 F.3d at 608-09. Here, the summons was issued on May 28, 2013, and, therefore, the time limit for service of process has not yet expired.